# EXHIBIT A

# Judicial Council of California Civil Jury Instructions

## CACI*

* Pronounced "Casey"

As approved at the
November 2017 Judicial Council Meeting

1

Judicial Council of California

## Series 100–2500



**Judicial Council of California
Advisory Committee on Civil Jury Instructions**

Hon. Martin J. Tangeman, Chair

LexisNexis Matthew Bender
Official Publisher



This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**QUESTIONS ABOUT THIS PUBLICATION?**

For questions about the **Editorial Content** appearing in these volumes or reprint permission, please call:
Andrew D. Watry, J.D.  at  ..............................................................................................................
Email:  ........................................................................................  andrew.watry@lexisnexis.com
Outside the United States and Canada, please call  . . . . . . . . . . . . . . . . . . . . . . .  (973) 820-2000

For assistance with replacement pages, shipments, billing or other customer service matters, please call:
Customer Services Department at  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  (800) 833-9844
Outside the United States and Canada, please call  . . . . . . . . . . . . . . . . . . . . . . .  (518) 487-3385
Fax Number  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  (800) 828-8341
Customer Service Website  . . . . . . . . . . . . . . . . . . . . . . . . . .  http://www.lexisnexis.com/custserv/

For information on other Matthew Bender publications, please call
Your account manager or  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  (800) 223-1940
Outside the United States and Canada, please call  . . . . . . . . . . . . . . . . . . . . . . .  (937) 247-0293

ISSN: 1549-7100
ISBN: 978-1-5221-4412-0 (print)

© 2017 by the Judicial Council of California. All rights reserved. No copyright is claimed by the Judicial Council of California to the Table of Contents, Table of Statutes, Table of Cases, or Index.

© 2017, Matthew Bender & Company, Inc., a member of the LexisNexis Group. No copyright is claimed by Matthew Bender & Company to the jury instructions, verdict forms, Directions for Use, Sources and Authority, User's Guide, Life Expectancy Tables, or Disposition Table.

CITE THIS PUBLICATION: Judicial Council of California Civil Jury Instructions (2018 edition)
Cite these instructions: "CACI No. _____."
Cite these verdict forms: "CACI No. VF-_____."

Editorial Office
230 Park Ave., 7th Floor, New York, NY 10169 (800) 543-6862
www.lexisnexis.com

(2017–Pub.1283)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use

# Preface to CACI Updates

This edition of CACI includes a number of additions and changes to the instructions, which were first published in 2003. In providing these updates, the Judicial Council Advisory Committee on Civil Jury Instructions is fulfilling its charge to maintain CACI. The committee is also striving to add instructions in new areas of the law and to augment existing areas.

The impetus for the revisions came from several sources including CACI users who detected changes in the law or who simply sought to do a better job of explaining the law in plain English. Responding to feedback from users is consistent with the Advisory Committee's goal to act as a vehicle for maintaining CACI as the work product of the legal community. We hope that our hundreds of contributors view our role in the same way and that they will continue to support us.

November 2017

        Hon. Martin J. Tangeman
        Court of Appeal, Second District
        Chair, Advisory Committee on Civil Jury Instructions

---

**The Advisory Committee on Civil Jury Instructions welcomes comments. Send comments by e-mail to: civiljuryinstructions@jud.ca.gov**

Or you may send print comments by regular mail to:

Advisory Committee on Civil Jury Instructions—Attn. Bruce Greenlee
Legal Services Office
455 Golden Gate Avenue
San Francisco, CA 94102-3588

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use



---

**Judicial Council Advisory Committee on Civil Jury Instructions**

---

Hon. Martin J. Tangeman
Chair

Committee Members

| | |
|---|---|
| HON. SUZANNE R. BOLANOS | MR. MICHAEL A. KELLY |
| HON. ROBERT P. DAHLQUIST | HON. JAMES T. LATTING |
| HON. ELENA J. DUARTE | HON. MONICA MARLOW |
| MR. JONATHAN M. EISENBERG | MR. JULIAN W. POON |
| HON. JANET M. FRANGIE | HON. JAMES A. RICHMAN |
| HON. DONALD R. FRANSON, JR. | MR. TODD M. SCHNEIDER |
| MR. ROBERT A. GOODIN | MR. RICHARD L. SEABOLT |
| MR. MATTHEW HAWKINS | MS. CHRISTINE SPAGNOLI |
| HON. JUDY H. HERSHER | MS. MARY-CHRISTINE SUNGAILA |
| HON. RAYMOND J. IKOLA | HON. JOHN SHEPARD WILEY JR. |
| PROF. MARGARET Z. JOHNS | |

Administrative Director, Staff to the Judicial Council
MARTIN HOSHINO

Legal Services Office
Ms. Deborah Brown, Chief Counsel
Mr. Bruce Greenlee, Attorney

---

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

# *Judicial Council of California*

*Chair*
Hon. Tani G. Cantil-Sakauye

*Supreme Court*
Hon. Ming W. Chin

*Courts of Appeal*
Hon. Harry E. Hull, Jr.            Hon. Douglas P. Miller
Hon. James M. Humes

*Trial Courts*
Hon. Maria O. Anderson            Hon. Samuel K. Feng
Hon. C. Todd Botke                Hon. Harold W. Hopp
Hon. Stacy Boulware Eurie         Hon. Dalila Carrol Lyons
Hon. Kevin C. Brazile             Hon. Gary Nadler
Hon. Kyle S. Brodie               Hon. David M. Rubin

*Legislature*
Hon. Richard Bloom                Hon. Hannah-Beth Jackson

*State Bar*
Ms. Rachel W. Hill                Ms. Donna D'Angelo Melby
Ms. Audra Ibarra                  Ms. Gretchen Nelson
Mr. Patrick M. Kelly

*Advisory Members*
Mr. Jake Chatters                 Hon. Stuart M. Rice
Ms. Kimberly Flener               Mr. Michael M. Roddy
Hon. Scott M. Gordon              Hon. Marsha G. Slough
Hon. Patricia M. Lucas            Hon. Kenneth K. So
Hon. Shama Kakim Mesiwala         Ms. Andrea K. Wallin-Rohmann

*Secretary*
Martin Hoshino

The Judicial Council is the policymaking body of the California courts. Under the leadership of the Chief Justice and in accordance with the California Constitution, the council is responsible for ensuring the consistent, independent, impartial, and accessible administration of justice.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use

# *Preface*

These instructions represent the work of a task force on jury instructions appointed by Chief Justice Ronald M. George in 1997. The task force's charge was to write instructions that are legally accurate and understandable to the average juror. The six-year effort responded to a perceived need for instructions written in plain English and the specific recommendation of the Blue Ribbon Commission on Jury System Improvement.

Jurors perform an invaluable service in our democracy, making important decisions that affect many aspects of our society. The Judicial Council instructions attempt to clarify the legal principles jurors must consider in reaching their decisions. The instructions were prepared by a statewide, broad-based task force consisting of court of appeal justices, trial judges, attorneys, academics, and lay people. They are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court (see now Cal. Rules of Court, Rule 2.1050(a)). The Rules of Court provide that the use of these instructions is strongly encouraged (see now Cal. Rules of Court, Rule 2.1050(e)).

These instructions were prepared with a minimum of three steps: staff attorney drafts, subcommittee refinement, and full task force consideration. Initial drafts of the instructions were prepared by staff attorneys in the former Administrative Office of the Courts (now Legal Services Office) in San Francisco, primarily Lyn Hinegardner. Lawyers throughout the state provided subject-matter expertise and, in some cases, sets of instructions from which the task force began its drafting. These instructions were submitted to the legal community for comment and, in responding, hundreds of attorneys and judges provided valuable assistance. Several organizations, most particularly State Bar sections, provided invaluable input. A list of people and organizations who contributed to this effort follows; we apologize to those who have been omitted through oversight.

We are grateful to the publisher of this work. Representatives of LexisNexis Matthew Bender worked closely with us to prepare the jury instructions for publication. We appreciate their efficiency and courtesy.

We would also like to express our appreciation to our predecessor. The people of California and the legal community have been well served for over 60 years by BAJI, *California Jury Instructions, Civil, Book of Approved Jury Instructions*, written by a committee of the Superior Court of California, County of Los Angeles. That we have taken a very different approach to drafting of instructions does not detract from the historic importance of work done by the BAJI committee.

We believe that these instructions go a long way toward achieving the goal of a plain-English explanation of the law. These instructions, like the law, will be constantly changing. Change will come not only through appellate decisions and legislation but also through the observations and comments of the legal community. The Judicial Council Advisory Committee on Civil Jury Instructions, which has the responsibility of maintaining these instructions, welcomes your comments and suggestions for improvement.

September 2003

       James D. Ward, Former Associate Justice
       Court of Appeal, Fourth Appellate District, Division Two

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

---

*Preface*

    Vice-Chair, Task Force on Jury Instructions
    Chair, Civil Instruction Section

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**Judicial Council Task Force on Jury Instructions**
**Civil Instructions Subcommittee**

| | |
|---|---|
| Hon. James D. Ward, *Chair* | Hon. Carolyn B. Kuhl |
| Prof. Lee Campbell | Ms. Edith R. Matthai |
| Mr. William B. Chapman | Hon. Michael B. Orfield |
| Hon. H. Walter Croskey | Hon. Stuart R. Pollak |
| Hon. Barton C. Gaut | Mr. Tyler Pon |
| Ms. Janet M. Green | Hon. Ignazio J. Ruvolo |
| Hon. Joseph B. Harvey | Mr. Daniel U. Smith |
| Hon. Harry E. Hull, Jr. | Ms. Christine Spagnoli |
| Mr. Michael A. Kelly | Hon. Lynn O'Malley Taylor |

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 301. Third-Party Beneficiary

[*Name of plaintiff*] **is not a party to the contract. However,** [*name of plaintiff*] **may be entitled to damages for breach of contract if [he/she/it] proves that** [*insert names of the contracting parties*] **intended for** [*name of plaintiff*] **to benefit from their contract.**

**It is not necessary for** [*name of plaintiff*] **to have been named in the contract. In deciding what** [*insert names of the contracting parties*] **intended, you should consider the entire contract and the circumstances under which it was made.**

*New September 2003*

### Directions for Use

This topic may or may not be a question for the jury to decide. Third-party beneficiary status may be determined as a question of law if there is no conflicting extrinsic evidence. (*Kalmanovitz v. Bitting* (1996) 43 Cal.App.4th 311, 315 [50 Cal.Rptr.2d 332].)

These pattern jury instructions may need to be modified in cases brought by plaintiffs who are third-party beneficiaries.

### Sources and Authority

- Contract for Benefit of Third Person. Civil Code section 1559.

- A third party may qualify as a beneficiary under a contract where the contracting parties must have intended to benefit that individual and such intent appears from the terms of the agreement. (*Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 558 [90 Cal.Rptr.2d 469].) However, "[i]nsofar as intent to benefit a third person is important in determining his right to bring an action under a contract, it is sufficient that the promisor must have understood that the promisee had such intent. No specific manifestation by the promisor of an intent to benefit the third person is required." (*Lucas v. Hamm* (1961) 56 Cal.2d 583, 591 [15 Cal.Rptr. 821, 364 P.2d 685].)

- "Traditional third party beneficiary principles do not require that the person to be benefited be named in the contract." (*Harper v. Wausau Insurance Corp.* (1997) 56 Cal.App.4th 1079, 1086 [66 Cal.Rptr.2d 64].)

- Civil Code section 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement. (*Lucas, supra,* 56 Cal.2d at p. 590.)

- "Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which

- it was entered. [Citation.]" (*Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291].)
- Restatement Second of Contracts, section 302, provides:
    (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
        (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
        (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
    (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

    This section has been cited by California courts. (See, e.g., *Outdoor Services v. Pabagold* (1986) 185 Cal.App.3d 676, 684 [230 Cal.Rptr. 73].)

- The burden is on the third party "to prove that the performance [it] seeks was actually promised." (*Garcia v. Truck Insurance Exchange* (1984) 36 Cal.3d 426, 436 [204 Cal.Rptr. 435, 682 P.2d 1100]; *Neverkovec v. Fredericks* (1999) 74 Cal.App.4th 337, 348–349 [87 Cal.Rptr.2d 856].)

***Secondary Sources***

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, §§ 685–706

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, §§ 140.83, 140.103, 140.131 (Matthew Bender)

5 California Points and Authorities, Ch. 50, *Contracts*, § 50.132 (Matthew Bender)

27 California Legal Forms, Ch. 75, *Formation of Contracts and Standard Contractual Provisions*, § 75.11 (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 19, *Seeking or Opposing Recovery As Third Party Beneficiary of Contract*, 19.03–19.06

Copyright Judicial Council of California