**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| OREXIGEN THERAPEUTICS, INC., | Case No. 18-10518 (KG) |
| Debtor.[1] | **RE D.I. 969** |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS,
(B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES TO ACCEPT OR REJECT THE PLAN, (C) APPROVING THE FORMS OF
BALLOTS AND SOLICITATION MATERIALS, (D) ESTABLISHING THE VOTING
RECORD DATE, (E) SCHEDULING THE CONFIRMATION HEARING AND
DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL OF THE
DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN,
AND (F) APPROVING THE RELATED FORM OF NOTICE**

Upon consideration of the *Motion of the Debtor for Entry of an Order (A) Approving the
Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and
Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and
Solicitation Materials, (D) Establishing the Voting Record Date, (E) Scheduling the
Confirmation Hearing and Deadline for Filing Objections to Final Approval of the Disclosure
Statement and Confirmation of the Plan, and (F) Approving the Related Form of Notice* (the
"Motion"); all pleadings related thereto, the hearing on the relief requested in the Motion to be
approved at the initial hearing; and based on the record in the Case;[2] and the Court having
determined that the legal and factual bases set forth in the Motion establish just cause for the
relief granted herein;

---

[1] The last four digits of the Debtor's federal tax identification number are 8822.  The Debtor's mailing address for
purposes of this Chapter 11 Case is Orexigen Therapeutics, Inc. c/o Hogan Lovells US LLP, 875 Third Avenue,
New York, NY 10022, Attn: Chris Bryant and John Beck.

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      Notice of the Motion was sufficient and proper under the circumstances and was provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

D.      The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

E.      The forms of ballot attached to the Motion as **<u>Exhibit D</u>** (the "<u>Ballots</u>") (i) are consistent with Official Form No. B-314, (ii) adequately address the particular needs of the Case, (iii) are appropriate for the Voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

F.      Ballots need not be provided to (i) Holders of Unclassified Claims or (ii) Holders of Claims or Interests in the following Classes, as such non-Voting Classes are either (a) Unimpaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code or (b) Impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|:---:|:---:|:---:|:---:|
| 1 | Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |

---

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion or the Plan and Disclosure Statement, as applicable.

| 6 | Section 510(b) Claims | Impaired | Deemed to Reject |
| 7 | Interests | Impaired | Deemed to Reject |

G.      The Note Register Procedures provide a fair and equitable process to the Debtor, the Wind Down Administrator, Prepetition Secured Notes Indenture Trustee and the Prepetition Secured Noteholders to ensure the accuracy of the Note Register, Plan voting, and Plan distributions.

H.      The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims to make informed decisions to accept or reject the Plan and timely submit their Ballots.

I.      The Tabulation Rules for the solicitation and tabulation of votes to accept or reject the Plan, as approved by this Order, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J.      The contents of the Solicitation Packages and the procedures for providing notice of the hearing on confirmation of the Plan and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules.

IT IS HEREBY FOUND AND DETERMINED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Disclosure Statement is approved on an interim basis under sections 105(d) and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

3.      The Confirmation Hearing shall be held on May 17, 2019, at 11:00 a.m.

(prevailing Eastern Time), before the Honorable Kevin Gross, United States Bankruptcy Judge, in Courtroom #3 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801.

4.       The deadline to file objections to the adequacy of the Disclosure Statement on a final basis and confirmation of the Plan (the "Objection Deadline") shall be **May 6, 2019, at 4:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open court.

5.       Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must:

(a)     be in writing;

(b)     comply with the Bankruptcy Rules and the Local Rules;

(c)     state the name, address, phone number and email of the objecting party and the amount and nature of the Claim or Interest of such Person;

(d)     state with particularity the basis and nature of any objection to the adequacy of the Disclosure Statement and confirmation of the Plan and a proposed modification to the Plan and Disclosure Statement that would resolve such objection; and

(e)     be filed, together with proof of service, with the Court and served so that they are actually received by the notice parties identified in the Confirmation Hearing Notice by the Objection Deadline.

6.       Pursuant to Local Rule 3017-2(c)(vi), objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, shall not raise any objections to the following relief approved in the Joint Interim Approval and Procedures Order: (i) approval of the Disclosure Statement on an interim basis; (ii) the voting procedures; (iii) the forms of notice

\\NY - 045803/000019 - 9782803 v3

to be provided to creditors and interest holders; and (iv) the forms of ballots to be provided to creditors and interest holders entitled to vote on the proposed plan of liquidation.

7.      Notwithstanding anything herein to the contrary, entry of this Order shall be without prejudice to the rights of any party in interest, including, without limitation, the United States Securities and Exchange Commission, to raise any objection to the release, discharge, injunction and exculpation provisions contained in Article VI of the Plan before or during the Confirmation Hearing, and such rights are expressly preserved.

8.      The Confirmation Hearing Notice, attached as **<u>Exhibit C</u>** to the Motion, is approved, and shall be served upon all parties who have filed or scheduled Claims or Interests, or who have filed a notice of appearance pursuant to Bankruptcy Rule 2002, as soon as practicable after the entry of this Order.  The Confirmation Hearing Notice provides sufficient notification of the information contained therein to all creditors and other parties in interest, and no other or further notice shall be necessary or required.

9.      The Debtor shall distribute to each record and beneficial Holder of a Claim entitled to vote on the Plan a Solicitation Package comprised of:

        (a)      The Confirmation Hearing Notice;

        (b)      an appropriate Ballot including voting instructions;

        (c)      a return envelope; and

        (d)      such other materials as the Debtor may determine or the Court may direct.

10.      The Ballots in the forms attached as **<u>Exhibit D</u>** to the Motion are hereby approved.  The Debtor is authorized to modify the Ballots to address the particular circumstances of the Case and to include certain additional information that the Debtor believes to be relevant and appropriate for each class of Claims entitled to vote to accept or reject the Plan.

\\NY - 045803/000019 - 9782803 v3

11.     The Notice of Non-Voting Status, to be provided to Holders of Claims or Interests that are ineligible to vote on the Plan, attached as **Exhibit B** to the Motion, is hereby approved. Such Holders of Claims or Interests shall not be provided with a Ballot because such Holders are either (a) Unimpaired and presumed to accept the Plan under section 1126(f) of the Bankruptcy Code or (b) Impaired and deemed to reject the Plan under section 1126(g) of the Bankruptcy Code. Such non-voting Holders shall receive a copy of the Confirmation Hearing Notice.

12.     The Debtor shall transmit the Solicitation Packages by mail to Holders of Claims eligible to vote on the Plan.  The Debtor or Balloting Agent shall transmit the Solicitation Package on or before April 12, 2019.

13.     The Debtor shall mail the Solicitation Packages to (a) each directly registered Holder of Prepetition Unsecured Notes as of the Voting Record Date, and (b) each broker, commercial bank, transfer agent, trust company, dealer or other intermediary or nominee, identified by the Balloting Agent as an entity through which beneficial holders indirectly hold Prepetition Unsecured Notes, or their mailing agent (each of the foregoing, a "Nominee") as of the Voting Record Date.

14.     The Debtor is authorized to send Solicitation Packages to Nominees in paper format and/or via electronic transmission in accordance with the customary requirements of each Nominee.  Upon receipt of sufficient copies of the Solicitation Packages from the Balloting Agent, including a Master Ballot for use in tabulating votes cast on Beneficial Ballots submitted to such Nominee and sufficient Beneficial Ballots, Nominees are hereby authorized and directed to promptly distribute the Solicitation Packages via first class mail to the beneficial holders of Prepetition Unsecured Notes by no later than five (5) business days after receipt by the Nominees of the Solicitation Packages in accordance with each Nominee's customary

procedures using one of the following two methods (to be selected by the Nominee):

(a) **Pre-Validated Ballots**:  The Nominee may "pre-validate" a Beneficial Ballot by (i) signing the Beneficial Ballot; (ii) indicating the amount and the account number of the Prepetition Unsecured Notes Claims held by the Nominee for the beneficial holder; and (iii) forwarding such Beneficial Ballot, together with the Solicitation Package, a pre-addressed, postage-paid return envelope addressed to, and provided by, the Balloting Agent, and other materials requested to be forwarded, to the beneficial holder for voting.  The beneficial holder must then complete the information requested in the Beneficial Ballot, and return the Beneficial Ballot directly to the Balloting Agent in the pre-addressed, postage-paid return envelope so that it is RECEIVED by the Balloting Agent on or before the Voting Deadline.  A list of the Beneficial Holders to whom "pre-validated" Beneficial Ballots were delivered should be maintained by Nominees for inspection for at least one (1) year from the Voting Deadline.

(b) **Master Ballots**: If the Nominee elects not to pre-validate Beneficial Ballots, the Nominee may obtain the votes of beneficial holders by forwarding to the beneficial holders the unsigned Beneficial Ballots, VIF, e-mail, or other customary method of collecting votes from a Beneficial Holder, together with the Solicitation Package, a pre-addressed, postage-paid return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded.  Each such beneficial holder must then indicate his, her, or its vote on the Beneficial Ballot, complete the information requested on the Beneficial Ballot, review the certifications contained on the Beneficial Ballot, execute the Beneficial Ballot, and return the Beneficial Ballot to the Nominee.  If it is the accepted practice for a Nominee to collect votes via e-mail, telephone, or other customary method of communication, the Beneficial Holder shall follow the Nominee's instruction for completing and submitting its vote to the Nominee.  After collecting the Beneficial Holders' votes, the Nominee should, in turn, complete a Master Ballot compiling the votes and other information from the beneficial holders, execute the Master Ballot, and deliver the Master Ballot to the Balloting Agent so that it is RECEIVED by the Balloting Agent on or before the Voting Deadline.  All Beneficial Ballots returned by beneficial holders should either be forwarded to the Balloting Agent (along with the Master Ballot) or retained by Nominees for inspection for at least one (1) year from the Voting Deadline.[3]  EACH NOMINEE SHOULD ADVISE ITS BENEFICIAL HOLDERS TO RETURN THEIR BENEFICIAL BALLOTS (OR OTHERWISE CONVEY THEIR VOTES) TO THE NOMINEE BY A DATE CALCULATED BY THE NOMINEE TO ALLOW IT TO PREPARE AND RETURN THE MASTER BALLOT TO THE BALLOTING

---

[3] Nominees shall be permitted to submit their Master Ballots to the Balloting Agent by e-mail.

AGENT SO THAT IT IS RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE.[4]

15.    If it is a Nominee's customary and accepted practice to forward the solicitation information to (and collect votes from) beneficial holders by e-mail, telephone or other customary means of communications, the Nominee may employ that method of communication in lieu of sending the paper Beneficial Ballot and/or Solicitation Package. the voting amounts of those Prepetition Notes Claims shall be the amounts set forth on the books and records of the applicable Nominee as of the Voting Record Date as evidenced by the securities position report from the Depository Trust Company.

16.    The Debtor is not required to distribute paper copies of the Plan and Disclosure Statement unless a Holder of a Claim or Interest makes a request for copies of such documents at least five (5) Business Days before the Voting Deadline, to OrexigenInfo@kccllc.com or via telephone at 1-888-830-4646.   The Debtor shall make the Plan and Disclosure Statement available in electronic format online at https://www.kccllc.net/orexigen.

17.    The Note Register Procedures are hereby approved as follows:

(a)    On or prior to March 29, 2019, the Debtor shall transmit, or cause to be transmitted, a notice (the "Note Register Notice") *via* overnight delivery to (x) each Prepetition Secured Noteholder appearing in the Note Register on such date (the "Existing Note Register") at (i) the address shown in the Existing Note Register, and (ii) any other address which such Prepetition Secured Noteholder has included in a pleading filed in the Case or provided to the Debtor, and (y) as to each Prepetition Secured Noteholder who executed that certain Master Assignment and Acceptance, dated April 9, 2018 (the "MAA"), at the address set forth in the MAA. With respect to a Note Register Notice delivered to a Prepetition Secured Noteholder under sub-clause (y) above, such Note Register Notice shall also specify any inconsistencies between the Existing Note Register and the MAA with

---

[4] Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Plan from beneficial holders in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Ballot, and collecting votes from beneficial holders through online voting, by phone, facsimile, or other electronic means.

respect to such Prepetition Secured Noteholder or that there is no such inconsistency. The Note Register Notice shall include a form of Note Register Voting Response and Note Register Distribution Response and, in blank, the forms described in sub-clause (c)(i) – (iii) below.

(b)     Subject to clauses (d) and (f) below, and for the purposes of voting to accept or reject the Plan, (i) in the event a Prepetition Secured Noteholder determines that any information set forth in the Existing Note Register and/or the MAA as provided to the Prepetition Secured Noteholder in the Note Register Notice is incorrect or incomplete, or (ii) if a Prepetition Secured Noteholder desires to update any information contained in the Existing Note Register and/or the MAA as set forth in the Note Register Notice, such Prepetition Secured Noteholder shall respond in writing to the Debtor to correct or  update the information in the Existing Note Register and/or the MAA, as applicable, so that such response (a "Note Register Voting Response") is actually received by the Debtor at the physical or email addresses set forth in the Note Register Notice, not later than **April 8, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Note Register Voting Response Deadline"). Such Note Register Voting Response may provide updated or corrected information respecting the following :

  i.     such Prepetition Secured Noteholder's legal name;

  ii.    the dollar amount (in U.S. dollars) held by such Prepetition Secured Noteholder;

  iii.   such Prepetition Secured Noteholder's mailing address; and

  iv.    such Prepetition Secured Noteholder's bank account and wire instructions where Plan distributions should be sent.

If such Prepetition Secured Noteholder has transferred any or all of the Prepetition Secured Notes listed in the Note Register Notice and/or the MAA; as applicable, such Prepetition Secured Noteholder shall provide the information described in clauses (b)(i) through (b)(iv) above with respect to the transferee, to the extent such information is available to such Prepetition Secured Noteholder.

(c)     In addition, for purposes of making distributions under the Plan, a Prepetition Secured Noteholder who has submitted a Note Register Voting Response and who has transferred any or all of the Prepetition Secured Notes listed in the Note Register Notice shall provide the following documents and information (except to the extent such Prepetition Secured

\\NY - 045803/000019 - 9782803 v3

Noteholder may have previously provided such information to the Debtor) so that such documents and information (the "<u>Note Register Distribution Response</u>") are actually received by the Debtor at the physical or email addresses set forth in the Note Register Notice, not later than **April 19, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Note Register Distribution Response Deadline</u>"):

      i.    such transferee's tax identification number provided on a form W-8 or W-9, as applicable, to the extent such information is available to such Prepetition Secured Noteholder;

      ii.    an executed letter of instruction; and

      iii.    completed bond power, together with original note certificate.

(d)    If the Debtor does not agree with any information contained in a Note Register Voting Response and/or Note Register Distribution Response, or the information is incomplete, the Debtor may, in the exercise of its reasonable discretion, request additional information from the applicable Prepetition Secured Noteholder; *provided, however,* unless the Court orders otherwise, if the dollar amount of Prepetition Secured Notes asserted to be held by such Prepetition Secured Noteholder in its Note Register Voting Response and/or Note Register Distribution Response is not consistent with the amount set forth in the MAA with respect to such Prepetition Secured Noteholder, and the parties are unable to reconcile the discrepancy(ies) prior to (i) the Voting Record Date, in the case of a Note Register Voting Response; or (ii) the Effective Date, in the case of a Note Register Distribution Response, the amount set forth in the MAA shall control for purposes of voting and distribution, as applicable, and the Debtor shall give prompt written notice to such Prepetition Secured Noteholder of such determination.

(e)    In the case of any transferee of Prepetition Secured Notes or other Prepetition Secured Noteholder which is not named in the Existing Note Register (even if such transferee or other Prepetition Secured Noteholder is affiliated with a Prepetition Secured Noteholder which is named in the Existing Note Register and even if such transferee or other Prepetition Secured Noteholder is a party to the MAA), such transferee or other Prepetition Secured Noteholder shall promptly provide to the Debtor, the Wind Down Administrator or the Prepetition Secured Notes Indenture Trustee, in addition to the information required under clauses (b) and (c)

\\NY - 045803/000019 - 9782803 v3

above to the extent not previously provided by the applicable Prepetition Secured Noteholder, such information and/or documentation as any of them may request, in the exercise of their respective reasonable discretion, prior to any such transferee or Prepetition Secured Noteholder receiving any distribution under the Plan.

(f)     **If a Prepetition Secured Noteholder to whom a Note Register Notice is transmitted does not submit a Note Register Voting Response and/or Note Register Distribution Response by the Note Register Voting Response Deadline and/or Note Register Distribution Response Deadline, as applicable, the Debtor, the Wind Down Administrator, the Wind Down Entity, and the Prepetition Secured Notes Indenture Trustee shall be authorized, for the purposes of determining who is entitled to voting to accept or reject the Plan, and/or for the purpose of making distributions under the Plan, as applicable, to continue to use the information set forth in the (i) Existing Note Register, to the extent there is no inconsistency between the Existing Note Register and MAA, and (ii) MAA, to the extent there is an inconsistency between the Existing Note Register and MAA, with respect to such Prepetition Secured Noteholder. The Note Register Notice shall include such a statement substantially similar to this clause (f).**

(g)     Prior to the Voting Record Date, for voting purposes, and the Effective Date, for purposes of distribution, the Debtor shall amend the Existing Note Register in accordance with the information obtained in Note Register Voting Responses and/or Note Register Distribution Responses, if any, and the MAA, subject to the other provisions above and, in the exercise of its reasonable discretion, any other information the Debtor may receive from a Prepetition Secured Noteholder. The amended register shall constitute the "Note Register" under, and as defined in, the Prepetition Secured Notes Indenture (the "<u>New Note Register</u>").  Upon completion, the Debtor shall deliver the New Note Register to the Prepetition Secured Notes Indenture Trustee and the Balloting Agent.

(h)     **The Debtor, the Wind Down Administrator, the Wind Down Entity, and the Prepetition Secured Notes Indenture Trustee, as the case may be, shall be authorized to use and rely on the New Note Register for, among other things, (i) all purposes set forth in the Prepetition Secured Notes Indenture, (ii) determining which Prepetition Secured Noteholders are entitled to vote on the Plan, and (iii) making distributions to Prepetition Secured Noteholders under the Plan.**

18.     The voting record date shall be April 9, 2019 (the "<u>Voting Record Date</u>").

19.     The deadline to submit Ballots to accept or reject the Plan shall be May 13, 2019, at 4:00 p.m. (prevailing Eastern Time).  To be counted, Ballots bearing original or facsimile signatures must be delivered to the Balloting Agent by regular mail, overnight courier or hand delivery to the Balloting Agent at the following address: Orexigen Ballot Processing Center c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

20.     The deadline for the Debtor to file and serve objections to filed proofs of claims for purposes of voting on the Plan is April 17, 2018, unless the Court sets a later date upon request by the Debtor.

21.     If a Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "3018 Motion") and serve the 3018 Motion on the Debtor so that it is received no later than April 26, 2019, at 4 p.m. (prevailing Eastern Time).  The deadline to file an objection to a 3018 Motion shall be May 3, 2019, at 4 p.m. (prevailing Eastern Time).

22.     For purposes of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim and without prejudice to the rights of the Debtor in any other context, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be one of the following alternatives:

(a)     if no proof of Claim was timely filed, the Claim amount listed in the Debtor's Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated;

(b)     the liquidated amount specified in a proof of Claim to the extent that the proof of Claim is not the subject of an objection, if such Claim is filed as wholly contingent or unliquidated, such Claim shall vote in the amount of $1.00; or

12

(c)     the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing at or before the Confirmation Hearing. If a Claim is the subject of an objection filed before the Voting Deadline, it will be a Claim for voting purposes only to the extent of the remaining amount of the Claim not subject to any objection.

23.     The following Tabulation Rules are approved and shall be utilized in tabulating the Ballots:

(a)     any Ballot that is timely received, properly completed, and that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan will be counted and cast as an acceptance or rejection, as the case may be, of the Plan. Except with the consent of the Debtor, a Holder of a Claim may not change its vote once its Ballot is submitted to the Balloting Agent;

(b)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)     any Ballot cast by a Person that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan will not be counted;

(d)     any Ballot cast for a scheduled Claim designated or determined as unliquidated, contingent, or disputed or as zero or unknown in amount, no timely proof of claim was filed, and for which no 3018(a) Motion has been Filed by the 3018(a) Motion Deadline will not be counted;

(e)     any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of this Plan or that indicates both acceptance and rejection of this Plan will not be counted;

(f)     any Ballot received by the Balloting Agent after the Voting Deadline will not be counted, unless the Debtor agrees in writing to an extension of such deadline;

(g)     any Ballot not bearing an original or facsimile signature will not be counted;

13

(h)     any Ballot received by the Balloting Agent by facsimile, e-mail or other electronic communication will not be counted (unless otherwise permitted by the Debtor); and

(i)     any Ballot that partially rejects and partially accepts the Plan will not be counted.

24.     If no Holders of Allowed Claims in a particular class of Claims eligible to accept or reject the Plan vote on the Plan, the Plan shall be deemed accepted by that particular class of Claims.

25.     The last timely, properly completed Ballot received by a Holder for the same Claim(s) shall be counted and any superseded or otherwise improperly completed Ballot shall not be counted except as otherwise agreed to by the Debtor.

26.     Upon completion of the balloting, the Balloting Agent will certify the amount and number of Allowed Claims in each Voting Class accepting or rejecting the Plan.  The Debtor shall cause such certification to be filed with the Court prior to Confirmation Hearing.

27.     The Debtor is authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

28.     The Debtor is not required to seek to locate any more current addresses for, or reserve, any persons or entities to whom any mailing is returned because the addressed recipient has moved, unless a forwarding address is provided.

29.     The Debtor shall file its Plan Supplement not later than April 29, 2019.

30.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

\\NY - 045803/000019 - 9782803 v3

31.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

32.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

33.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: March 27th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

15