**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| OREXIGEN THERAPEUTICS, INC., | Case No. 18-10518 (KG) |
| Debtor.[1] | RE D.I. 1113 |

**NOTICE OF (I) EFFECTIVE DATE OF DEBTOR'S MODIFIED AMENDED
PLAN OF LIQUIDATION AND (II) BAR DATES FOR CERTAIN CLAIMS**

**PLEASE READ THIS NOTICE CAREFULLY AS IT CONTAINS BAR DATES AND OTHER INFORMATION THAT MAY AFFECT YOUR RIGHTS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN:**

**Entry of Confirmation Order**. On May 17, 2019, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Modified Amended Plan of Liquidation* [D.I. 1113] (the "Confirmation Order") in the above captioned chapter 11 case of Orexigen Therapeutics, Inc. (the "Debtor"). Pursuant to the Confirmation Order, the Bankruptcy Court confirmed the *Debtor's Modified Amended Plan of Liquidation* [D.I. 1113-1] (including all exhibits thereto and as further amended, modified, or supplemented from time to time, the "Plan").[2]

**Effective Date**. Each of the conditions precedent to the effectiveness of the Plan occurred or was waived in accordance with its provisions. Accordingly, the Plan became effective and was substantially consummated on **May 31, 2019** (the "Effective Date").

**Binding Effect**. The Plan and its provisions are binding on the Debtor, all present and former holders of Claims or Interests (whether or not such holders shall receive or retain any property or interest in property under the Plan), and their respective heirs, executors, administrators, successors, and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan, and whether or not such holder voted to accept the Plan.

**Bar Date for Administrative Expense Claims**. The bar date or last date for the filing by any Person of any motion or application for allowance of an Administrative Expense Claim[3] (exclusive of unpaid Professional Fee Claims) that has accrued between the Petition Date and the Effective Date of the Plan and that remains unpaid shall be **4:00 p.m. (prevailing eastern time) on June 21, 2019** (the "Administrative Expense Claim Bar Date"). Such Administrative Expense Claims must be filed with the Bankruptcy Court and also served on (i) the Wind Down

---

[1] The last four digits of the Debtor's federal tax identification number are 8822. The Debtor's mailing address for purposes of this Chapter 11 Case is c/o Hogan Lovells US LLP, 390 Madison Ave., New York, NY 10017.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as may be applicable.
[3] As defined in the Disclosure Statement, an "Administrative Expense Claim" means any cost or expense of administration of the Case allowed pursuant to Bankruptcy Code section 503(b), excluding Professional Fee Claims.

Administrator: Province, Inc., 2360 Corporate Circle, Suite 330, Henderson, Nevada 89074, Attn: Peter Kravitz, Principal; and (ii) the Claims Agent: Orexigen Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. Such Administrative Expense Claims must be served by regular mail, overnight courier or hand delivery on the Claims Agent so as to be **actually received** by the Administrative Expense Claim Bar Date. **THE FAILURE TO TIMELY FILE SUCH AN ADMINISTRATIVE EXPENSE CLAIM ACCRUING BETWEEN THE PETITION DATE AND THE EFFECTIVE DATE AS REQUIRED SHALL BAR THE ADMINISTRATIVE EXPENSE CLAIM FROM BEING PAID.** Nothing in the Plan, Confirmation Order, or this notice extends or modifies any previously applicable Bar Date or Bar Date Order.

**Bar Date for Professional Fee Claims**. All requests for payment of Professional Fee Claims[4] must be filed with the Bankruptcy Court and served upon counsel to the Debtor, counsel to the Creditors' Committee, the United States Trustee, and all Persons on the Debtor's Bankruptcy Rule 2002 service list on or before **July 30, 2019**. The objection deadline relating to a request for payment of Professional Fee Claims shall be 4:00 p.m. (prevailing Eastern Time) on the date that is 14 calendar days after the filing of such request.

**Bar Date for Rejection Claims**. Pursuant to Section 3.2 of the Plan, all executory contracts and unexpired leases of the Debtor which had not been assumed and assigned, or rejected, prior to the Confirmation Date shall be deemed rejected of the Confirmation Date, *provided, however*, that to the extent any insurance policies of the Debtor, including but not limited to any directors' and officers' liability insurance policies, are considered to be executory contracts, no such insurance policies shall be rejected or otherwise impacted pursuant to the Plan and all such insurance policies are deemed assumed on the Effective Date. Any Creditor asserting a Claim for monetary damages as a result of the rejection of an executory contract or unexpired lease deemed rejected pursuant to the Plan (and not on or before the Confirmation Date) shall file a proof of claim substantially in the form of Official Form 410 with the Claims Agent ("Rejection Claim"), and serve it upon (i) Debtor's counsel; and (ii) the Wind Down Administrator: Province, Inc., 2360 Corporate Circle, Suite 330, Henderson, Nevada 89074, Attn: Peter Kravitz, Principal, by overnight mail so as to be **actually received** by **June 6, 2019** (the "Rejection Bar Date"). **ANY REJECTION CLAIM NOT FILED AND SERVED AS SET FORTH ABOVE BY THE REJECTION BAR DATE SHALL BE FOREVER DISALLOWED AND BARRED.** Nothing in the Plan, Confirmation Order, or this notice extends or modifies any previously applicable Bar Date or Bar Date Order.

**Injunctions, Releases, Exculpations**. Pursuant to the Plan, subject to the provisions of section 362 of the Bankruptcy Code, all injunctions and stays provided for in the Chapter 11 Case under section 362 of the Bankruptcy Code and in existence on the Confirmation Date, shall remain in full force and effect until the Court enters a final decree closing the Chapter 11 Case and shall be supplemented by the injunctions, discharges, releases, and exculpations in Article VI of the Plan. After the Court enters a final decree closing the Chapter 11 Case, such injunctions

---

[4] As defined in the Disclosure Statement, a "Professional Fee Claim" means an a Claim of a Professional for compensation or reimbursement of unpaid costs and expenses relating to services incurred during the period from the Petition Date through the Effective Date.

or stays under section 362 of the Bankruptcy Code shall be replaced by the injunctions, discharges, releases, and exculpations in Article VI of the Plan.

**Retention of Jurisdiction**. Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, this Court (including any successor hereto) shall retain exclusive jurisdiction, subject to any rights of parties in interest to seek withdrawal of the bankruptcy reference with respect to any matters subject to mandatory or discretionary withdrawal and any rights of other parties in interest to oppose such request, over all matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 112 of the Bankruptcy Code, including jurisdiction of those matters set forth in Section 5.3 of the Plan.

**Copies of the Confirmation Order and the Plan**. Copies of the Confirmation Order and the Plan, the proof of claim form, the docket of the Chapter 11 Case, and other relevant case information are publicly available, free of charge, by accessing the Debtor's case information website at https://www.kccllc.net/orexigen/ or contacting KCC by telephone at (888) 830-4646 (toll-free), or (310) 751-2641 (international). You may also obtain copies of any relevant pleadings filed in this chapter 11 case for a fee via PACER at http://www.pacer.gov.

Dated:  May 31, 2019
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Tamara K. Mann*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
1201 N. Market St., 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
tmann@mnat.com

- and -

Christopher R. Donoho, III (admitted *pro hac vice*)
Christopher R. Bryant (admitted *pro hac vice*)
John D. Beck (admitted *pro hac vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
chris.donoho@hoganlovells.com
chris.bryant@hoganlovells.com
john.beck@hoganlovells.com

*Counsel for Debtor and Debtor in Possession*

\\NY - 045803/000019 - 9815749 v2