# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: <br><br> OREXIGEN THERAPEUTICS, INC., <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 18-10518 (JTD) <br><br> **Objection Deadline**: August 2, 2019 at 4:00 p.m. (ET) <br> **Hearing Date**:  TBD |

**FIFTEENTH MONTHLY (FOR THE PERIOD MAY 1, 2019 THROUGH MAY 31, 2019) AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE BANKRUPTCY CO-COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MARCH 12, 2018 THROUGH MAY 31, 2019**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Retention: | April 11, 2018, *nunc pro tunc* to March 12, 2018 |
| Monthly Period for which compensation and reimbursement is sought: | May 1, 2019 through May 31, 2019 |
| Amount of Monthly compensation sought as actual, reasonable and necessary: | $33,977.50 |
| Amount of Monthly reimbursement sought as actual, reasonable and necessary: | $775.53 |
| Final Period for which compensation and reimbursement is sought: | March 12, 2018 through May 31, 2019 |
| Amount of Final compensation sought as actual, reasonable and necessary: | $961,740.00 |
| Amount of Final reimbursement sought as actual, reasonable and necessary: | $24,681.86 |

---

[1]  The last four digits of the Debtor's federal tax identification number are 8822. The Debtor's mailing address for purposes of this Chapter 11 Case is c/o Hogan Lovells US LLP, 390 Madison Ave., New York, NY 10017.

This is an ___ interim          X   final application

The total time expended for fee application preparation is approximately 5.0 hours and the corresponding compensation requested is approximately $2,565.00[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES ($) | APPROVED FEES/EXPENSES ($) |
|---|---|---|---|
| 5/11/18 | 3/12/18-3/31/18 | 115,828.50/5,009.19 | 115,828.50/5,009.19 |
| 6/15/18 | 4/1/18-4/30/18 | 226,102.50/8,489.42 | 226,102.50/8,489.42 |
| 6/28/18 | 5/1/18-5/31/18 | 86,382.50/1,312.97 | 86,382.50/1,312.97 |
| 7/27/18 | 6/1/18-6/30/18 | 107,212.00/3,793.20 | 107,212.00/3,793.20 |
| 9/12/18 | 7/1/18-7/31/18 | 151,564.50/2,728.10 | 151,564.50/2,728.10 |
| 9/25/18 | 8/1/18-8/31/18 | 35,583.00/230.70 | 35,583.00/230.70 |
| 11/6/18 | 9/1/18-9/30/18 | 35,780.00/176.60 | 35,780.00/176.60 |
| 11/16/18 | 10/1/18-10/31/18 | 22,161.50/192.30 | 22,161.50/192.30 |
| 12/17/18 | 11/1/18-11/30/18 | 7,930.00/160.20 | 7,930.00/160.20 |
| 1/16/19 | 12/1/18-12/31/18 | 24,031.00/202.60 | 24,031.00/202.60 |
| 3/5/19 | 1/1/19-1/31/19 | 23,443.50/156.10 | 23,443.50/156.10 |
| 4/8/19 | 2/1/19-2/28/19 | 22,925.00/53.40 | 22,925.00/53.40 |
| 4/22/19 | 3/1/19-3/31/19 | 40,821.50/1,075.55 | 32,657.20/1,075.55 |
| 5/15/19 | 4/1/19-4/30/19 | 28,697.00/327.00 | 22,957.60/327.00 |

---

[2] Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

## MONTHLY COMPENSATION BY PROFESSIONAL

## OREXIGEN THERAPEUTICS, INC.
### (Case No. 18-10518 (JTD))

### May 1, 2019 through May 31, 2019

|  | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 2006. Joined firm as an associate in 1996. Member of the DE Bar since 1996. | $1,100 | 3.2 | $3,520.00 |
| Andrew R. Remming | Partner/Bankruptcy.  Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2007. | 750 | 19.8 | 14,850.00 |
| Matthew B. Harvey | Associate/Bankruptcy.  Associate at the firm from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 695 | .3 | 208.50 |
| Tamara K. Mann | Associate/Bankruptcy.  Joined the firm as an associate in 2011.  Member of the DE Bar since 2011. | 645 | 17.3 | 11,158.50 |
| Renae Fusco | Paralegal | 305 | .8 | 244.00 |
| Marisa Maddox | Paralegal | 305 | 12.4 | 3,782.00 |
| Theresa Naimoli | Case Clerk | 165 | 1.3 | 214.50 |
|  |  |  | 55.1 | $33,977.50 |

| | |
|---|---|
| **GRAND TOTAL:** | $33,977.50 |
| **BLENDED RATE:** | $616.65 |
| **ATTORNEY BLENDED RATE:  $732.44** | |

12850556.1

## MONTHLY COMPENSATION BY PROJECT CATEGORY

**OREXIGEN THERAPEUTICS, INC.**
**(Case No. 18-10518 (JTD))**

**May 1, 2019 through May 31, 2019**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | .6 | $408.00 |
| Asset Disposition/363 Sales | .1 | 75.00 |
| Creditor Communications and Meetings | .8 | 552.00 |
| Fee Applications (MNAT - Filing) | 2.2 | 773.00 |
| Fee Applications (Others - Filing) | 1.4 | 877.00 |
| Fee Applications (MNAT - Objections) | .9 | 348.50 |
| Fee Applications (Other - Objections) | .5 | 186.50 |
| Executory Contracts/Unexpired Leases | .1 | 75.00 |
| Employee Matters | .2 | 150.00 |
| Court Hearings | 15.1 | 9,011.50 |
| Claims Objections and Administration | 3.2 | 2,028.00 |
| Plan and Disclosure Statement | 27.7 | 17,967.00 |
| Professional Retention (Others-Filing) | .2 | 61.00 |
| General Case Strategy | 1.1 | 825.00 |
| Schedules/SOFA/U.S. Trustee Reports | 1.0 | 640.00 |
| **TOTAL** | **55.1** | **$33,977.50** |

5

## MONTHLY EXPENSE SUMMARY

## OREXIGEN THERAPEUTICS, INC.
### (Case No. 18-10518 (JTD))

### May 1, 2019 through May 31, 2019

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Messenger Service | | $30.00 |
| Transcripts | | 145.50 |
| Secretarial Overtime | | 60.53 |
| In-House Printing | Color | 61.60 |
| In-House Printing | Black & White | 121.40 |
| In House Duplicating | | 246.00 |
| Pacer | | 110.50 |
| **Grand Total Expenses** | | **$775.53** |

**FINAL COMPENSATION BY PROFESSIONAL**

**OREXIGEN THERAPEUTICS, INC.**
**(Case No. 18-10518 (JTD))**

**March 12, 2018 through May 31, 2019**

| Name of Professional Person | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 1,100 | 3.6 | $3,960.00 |
| | | 1,050 | 59.3 | 62,265.00 |
| Donna L. Culver | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1991. Member of the DE Bar since 1991. | 800 | 12.8 | 10,240.00 |
| McKinely D. Measley | Partner/Corporate Litigation. Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2007. | 725 | 3.4 | 2,465.00 |
| Andrew Remming | Partner/Bankruptcy. Joined the firm as an associate in 2008. Member of DE Bar since 2008. | 750 | 78.2 | 58,650.00 |
| | | 700 | 458.5 | 320,950.00 |
| Daniel Matthews | Partner/Corporate. Partner since 2018. Joined firm as an associate in 2009. Member of the DE Bar since 2009. | 700 | 8.4 | 5,880.00 |
| Matthew B. Harvey | Associate/Bankruptcy. Associate at the firm from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 695 | .3 | 208.50 |
| | | 675 | .5 | 337.50 |
| Daniel B. Butz | Special Counsel/Bankruptcy. Joined firm as an associate in 2002. Member of DE Bar since 2002. | 625 | 2.3 | 1,437.50 |
| Richard Li | Associate/Corporate. Joined firm as an associate in 2014. Member of the DE Bar since 2014. | 515 | 3.0 | 1,545.00 |
| Tamara K. Minott | Associate/Bankruptcy. Joined | 645 | 97.3 | 62,758.50 |

6

| Name | Role | Rate | Hours | Amount |
|---|---|---|---|---|
|  | firm as an associate in 2011. Member of the DE Bar since 2011. | 600 | 130.8 | 78,480.00 |
| Joseph C. Barsalona | Associate/Bankruptcy. Joined firm as an associate in 2018. Member of the DE Bar since 2015. | 595 | 11.1 | 6,604.50 |
| Eric W. Moats | Associate/Bankruptcy. Joined firm as an associate in 2018. Member of the DE Bar since 2017. | 465 | .9 | 418.50 |
| Matthew Talmo | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 450 | 16.8 | 7,560.00 |
| Jose Bibiloni | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 450 | 453.5 | 204,075.00 |
| Paige Topper | Associate/Bankruptcy. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 415 | 13.5 | 5,602.50 |
| Andrew Golden | Associate/Bankruptcy. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 415 | 14.5 | 6,017.50 |
| Jason Schoenberg | Associate/Corporate. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 415 | 5.4 | 2,241.00 |
| Angela R. Conway | Paralegal | 300 | 283.6 | 85,080.00 |
| Renae M. Fusco | Paralegal | 305 | 3.6 | 1,098.00 |
|  |  | 300 | 7.9 | 2,316.00 |
| Marisa Maddox | Paralegal | 305 | 50.3 | 15,341.50 |
|  |  | 300 | 41.5 | 12,450.00 |
| Byron Poland | Litigation Support | 295 | .1 | 29.5 |
| Wel Freeman | Case Clerk | 165 | .6 | 99.00 |
| Theresa M. Naimoli | Case Clerk | 165 | 22.0 | 3,630.00 |
| Grand Total |  |  | 1,783.70 | $961,740.00 |
| **ALL TIMEKEEPER BLENDED RATE: $539.18** | | | | |

7

12850556.1

# FINAL COMPENSATION BY PROJECT CATEGORY

## OREXIGEN THERAPEUTICS, INC.
### (Case No. 18-10518 (JTD))

### March 12, 2018 through May 31, 2019

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 65.0 | $33,460.50 |
| Asset Analysis & Recovery | .2 | 140.00 |
| Asset Dispositions/363 Sales | 189.6 | 109,886.50 |
| Automatic Stay Matters | 203.9 | 111,741.00 |
| Creditors Communications and Meetings | 31.9 | 21,925.50 |
| Fee Applications (MNAT – Filing) | 98.0 | 36,772.50 |
| Fee Application (MNAT – Objections) | 5.6 | 2,089.00 |
| Fee Applications (Others – Filing) | 94.8 | 42,549.00 |
| Fee Applications (Other – Objections) | 12.7 | 4,988.00 |
| Executory Contracts/Unexpired Leases | 138.4 | 71,191.00 |
| Other Contested Matters | 67.1 | 39,582.50 |
| Employee Matters | 51.0 | 28,131.50 |
| Financing Matters/Cash Collateral | 32.4 | 19,426.00 |
| Tax Matters | 2.1 | 1,470.00 |
| Insurance Matters | 4.3 | 2,942.00 |
| Utility Matters | .6 | 260.00 |
| Vendor/Supplier Matters | 11.8 | 5,910.00 |
| Court Hearings | 318.2 | 160,884.50 |
| Claims Objections and Administration | 84.1 | 48,464.50 |
| Plan and Disclosure Statement | 159.0 | 102,065.00 |
| Litigation/Adversary Proceedings | 1.6 | 894.00 |
| Professional Retention (MNAT – Filings) | 30.8 | 15,152.00 |
| Professional Retention (Others – Filings) | 62.8 | 32,359.00 |
| Professional Retention (Others – Objections) | 1.4 | 1,470.00 |
| General Corporate Matters | 29.6 | 17,891.00 |
| General Case Strategy | 19.1 | 14,230.00 |
| Schedules/SOFA/US Trustee Reports | 67.7 | 35,865.00 |
| **GRAND TOTAL** | 1,783.70 | $961,740.00 |

12850556.1

**FINAL EXPENSE SUMMARY**

**OREXIGEN THERAPEUTICS, INC.**
**(Case No. 18-10518 (JTD))**

**March 12, 2018 through May 31, 2019**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Court Costs | | $1,856.75 |
| Transcripts | | 4,339.55 |
| Photos/Art/Spec. Duplicating | | 2,203.12 |
| In House Printing – Color | | 752.00 |
| In House Printing – Black & White | | 3,498.80 |
| In House Duplicating – Black & White | | 1,474.00 |
| Computer Research | Westlaw | 649.23 |
| Meals | | 2,181.32 |
| Messenger Service | | 585.92 |
| Efiling | | 22.25 |
| Courier/Delivery Service | | 427.25 |
| In-House Duplicating-Color | | 4.00 |
| Hotel Accommodations | | 313.20 |
| Pacer | | 2,289.20 |
| Postage | | 3.68 |
| Paralegal Overtime | | 3,605.81 |
| Secretarial Overtime | | 60.53 |
| Support Staff Overtime | | 15.06 |
| Conference Calls | | 400.19 |
| **Grand Total** | | $24,681.86 |

12850556.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*:<br><br>OREXIGEN THERAPEUTICS, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 18-10518 (JTD)<br><br>**Objection Deadline**: August 2, 2019 at 4:00 p.m. (ET)<br>**Hearing Date**:  TBD |

**FIFTEENTH MONTHLY (FOR THE PERIOD MAY 1, 2019 THROUGH MAY 31, 2019) AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE BANKRUPTCY CO-COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
MARCH 12, 2018 THROUGH MAY 31, 2019**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as Delaware bankruptcy co-counsel for the debtor and debtor in possession in the above-captioned case (collectively, the "Debtor"), submits this application (the "Application") for final allowance of compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (D.I. 171) (the "Interim Compensation Procedures Order").  By this Application,

---

[1] The last four digits of the Debtor's federal tax identification number are 8822. The Debtor's mailing address for purposes of this Chapter 11 Case is c/o Hogan Lovells US LLP, 390 Madison Ave., New York, NY 10017.

Morris Nichols seeks: (i) allowance of compensation for professional services rendered by Morris Nichols to the Debtor for the period May 1, 2019 through May 31, 2019 (the "Monthly Application Period"); (ii) reimbursement of actual and necessary expenses incurred by Morris Nichols during the Monthly Application Period in rendering professional services on behalf of the Debtor; (iii) final allowance of reasonable compensation for professional services rendered by Morris Nichols to the Debtor for the period March 12, 2018 through May 31, 2019 (the "Final Application Period"); and (iv) final reimbursement of actual and necessary expenses and disbursements incurred by Morris Nichols in rendering professional services on behalf of the Debtor during the Final Application Period. In support of this Application, Morris Nichols respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3. On March 12, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

4. The Debtor is operating its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in this case.

**MORRIS NICHOLS'S RETENTION**

5. Before the Petition Date, the Debtor engaged Morris Nichols as their bankruptcy co-counsel in connection with this bankruptcy case. On March 23, 2018, the Debtor filed the *Debtor's Application For Entry Of An Order Under 11 U.S.C. §§ 327(a), 328(a), And 1107(b), Fed. R. Bankr. P. 2014 And 2016, And Del. Bankr. L.R. 2014-1 And 2016-1, Authorizing Retention And Employment Of Morris, Nichols, Arsht & Tunnell LLP As Delaware Bankruptcy Co-Counsel For The Debtor,* Nunc Pro Tunc *To The Petition Date* (D.I. 89) (the "Morris Nichols Retention Application").

6. On April 11, 2018, this Court granted the Morris Nichols Retention Application pursuant to the *Order Granting Debtor's Application for Entry of an Order Under U.S.C. §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware Bankruptcy Co-Counsel for the Debtor,* Nunc Pro Tunc *to the Petition Date* (D.I. 175) (the "Morris Nichols Retention Order").

**INTERIM COMPENSATION PROCEDURES ORDER**

7. The Court entered the Interim Compensation Procedures Order on April 11, 2018. The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all Professionals in this case.

8. In particular, the Interim Compensation Procedures Order provides that Professionals may file and serve a Monthly Fee Application no earlier than the 15th day of each month following the month for which compensation is sought, for interim approval and allowance compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. Parties in interest will have 14 days (or the next business day if such day is not a business day) after the service of a Monthly Fee Application to object to the

-3-

requested compensation for services rendered and reimbursement of expenses incurred. Provided that there are no objections to such Monthly Fee Application filed within 14 days after the service of the Monthly Fee Application, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9. Upon the filing of a Certificate of No Objection, the Debtor is authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtor is authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

### DEBTOR'S CHAPTER 11 PLAN

10. On May 17, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Modified Amended Plan of Liquidation* (D.I. 1113) (the "Confirmation Order") confirming the *Debtor's Modified Amended Plan of Liquidation* (D.I. 1113-1) (the "Plan").[2] The Plan went effective on May 31, 2019 (the "Effective Date"). *See* D.I. 1127. Pursuant to the Plan, Confirmation Order, and Effective Date notice, all final requests for payment of Professional Claims must be filed by July 30, 2019. Such Professional Claims include all fees and expenses requested by Professionals from the Petition Date through the Effective Date for the Debtor.

### RELIEF REQUESTED

11. Morris Nichols submits this Application for (a) allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered

---

[2] Capitalized terms not defined herein are defined in the Plan.

as co-counsel for the Debtor in this case during the Monthly and Final Application Periods; and (b) reimbursement of actual, reasonable, and necessary expenses incurred by Morris Nichols in representing the Debtor during the Monthly and Final Application Periods.

## MONTHLY APPLICATION PERIOD

12. During the Monthly Application Period, Morris Nichols incurred fees in the amount of $33,977.50. For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $775.53. As of the date of this Application, Morris Nichols has received no payments with respect to these amounts.

13. Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Morris Nichols timekeepers billing time to the Debtor's case during the Application Period.

14. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

15. **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Morris Nichols during the Application Period.

16. Morris Nichols charges $.10 per page for photocopying and $0.05 per page for printing.

17. Morris Nichols charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

18. In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

**THE FINAL APPLICATION PERIOD**

19. Morris Nichols seeks allowance of $961,740.00, for actual, reasonable, and necessary legal services rendered to the Debtor during the Final Application Period; and $24,681.86 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period. Detailed descriptions of the services rendered and expenses incurred by Morris Nichols during the Final Application Period are set forth on Exhibits A and B, respectively, of the monthly fee applications filed by Morris Nichols in this chapter 11 case. Morris Nichols requests that the Debtor be authorized and directed to pay Morris Nichols an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid by the Debtor.

20. Morris Nichols has endeavored to represent the Debtor in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Morris Nichols has endeavored to coordinate with Hogan Lovells US LLP and the other professionals involved in this case so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtor. Morris Nichols believes it has been successful in this regard.

21. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

22. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Application complies with that Rule.

### INFORMATION RELATED TO UST GUIDELINES

23. Morris Nichols provides the following information pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Revised U.S. Trustee Guidelines").

24. Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Morris Nichols's hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

25. The blended hourly rate for all Morris Nichols timekeepers who worked on this case is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters") during the 12-month period beginning May 1, 2018 and ending on May 1, 2019 (the "Comparable Period") was, in the aggregate, approximately $607.94. By comparison, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on this case during the Monthly Application Period was, in the aggregate, $616.65.

26. The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar):

| Position at Morris Nichols | Blended Hourly Rate for Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $798.70 | $804.86 |
| Associate | $645.85 | $478.61 |
| Special Counsel | $0.00 | $599.24 |
| Paralegal | $305.00 | $279.61 |
| Litigation Support Specialists | $0.00 | $313.17 |
| Case Clerk | $165.00 | $160.09 |

27. In addition, Morris Nichols provides the following responses to the inquiries stated in section C.5 of the Revised U.S. Trustee Guidelines:

   a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **No**.

   b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **Not applicable**.

   c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **No**.

   d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. **No. Morris Nichols reserves the right to seek such fees in subsequent applications**.

   e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. **No**.

   f. If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458? **Yes**.

-8-

WHEREFORE, Morris Nichols respectfully requests that this Court: (i) allow Morris Nichols (a) monthly compensation in the amount of $33,977.50 for actual, reasonable, and necessary professional services rendered on behalf of the Debtor during the Monthly Application Period, and (b) monthly reimbursement in the amount of $775.53 for actual, reasonable, and necessary expenses incurred during the Monthly Application Period; and (ii) allow Morris Nichols (a) final compensation in the amount of $961,740.00; for actual, reasonable, and necessary services rendered to or on behalf of the Debtor during the Final Application Period, (b) final reimbursement of $24,681.86 for actual, reasonable, and necessary expenses incurred during the Final Application Period, (c) authorize and direct the Debtors to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtor; and (iii) grant such other further relief as the Court deems just and proper.

Dated: July 19, 2019  
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/    Tamara K. Mann*  
Robert J. Dehney (No. 3578)  
Andrew R. Remming (No. 5120)  
Tamara K. Mann (No. 5643)  
1201 N. Market St., 16th Floor  
P.O. Box 1347  
Wilmington, DE  19899-1347  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989  
rdehney@mnat.com  
aremming@mnat.com  
tmann@mnat.com

*Counsel for Debtor and Debtor in Possession*